**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LOUIS WATLEY, | : | |
| | | Civil Action No. 10-5086 (SDW) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| JAMES PLOUSIS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Louis Watley
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**WIGENTON**, District Judge

Petitioner Louis Watley, a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The respondents are New Jersey State Parole Board Chairman James Plousis, the Attorney General of New Jersey,

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Administrator Donald Mee, and Parole Board Panelists Riccardella and Marenco.

Because it appears from the face of the Petition that Petitioner is not entitled to issuance of the writ at this time, the Court will dismiss the Petition without prejudice. See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that he is confined pursuant to convictions, in the Superior Court of New Jersey, Union County, for kidnapping, criminal sexual contact, aggravated sexual assault, and terroristic threats.

Petitioner alleges that on July 19, 2010, an Adult Panel of the New Jersey State Parole Board denied him parole. Petitioner states that the decision was unlawful because it failed to recognize material facts and listed aggravating facts which were not supported by the evidence. In this Petition, Petitioner goes into detail about the alleged defects in the Adult Panel decision.

In this Petitioner, dated September 22, 2010, only two months after the challenged decision, Petitioner also acknowledges that he has not exhausted any state remedies with respect to his claims, because exhaustion would be "futile."

> 6.   Petitioner has no other remedy for relief from his unlawful Adult Panel decision other than this petition for a writ of habeas corpus. Petitioner maintains that attempting to seek exhaustion would be futile where;

> State conspiracy precludes an impartial determination; the actions of the Parole Board clearly and unambiguously violated statutory and constitutional rights and the administrative procedures were inadequate to prevent irreparable harm.
>
> &.    Other than the application for a writ of habeas corpus made attacking the conviction under Case Number @:09-cv-04358-SRC, the petitioner has made no other previous application to any other court or judge.

(Petition, ¶¶ 6, 7.)

Petitioner has attached to his Petition a brief detailing his challenges to the Adult Panel decision and his allegation of futility:

> ... In this petition, the petitioner argues that a multitude of due process procedural statutory violation were by design employed by the Parole Board to deny the petition a fair determination.  Of equal concern, the State and State courts assisted the Board in implementing transgressions making any appeal in the State of New Jersey a futile endeavor.

(Brief at 1.)  Petitioner then describes the procedural history of several previous appeals of the denial of parole, including two instances in which the Appellate Division of the Superior Court of New Jersey affirmed the denial of parole, and including one in 2008 in which the Appellate Division vacated and remanded the Adult Panel's decision, holding that "it was not clear that there was sufficient evidence and adequate finding of fact to support the denial of parole."

Petitioner seeks a writ of habeas corpus ordering his immediate release.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

## III. ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the

courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868

5

F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Here, state law provides administrative and judicial review processes applicable to Petitioner's claims.  Specifically, any denial of parole by an Adult Panel is appealable to the Parole Board, provided certain conditions are met.  N.J. Admin. Code Title 10 Sec. 71-4.2.  In addition, New Jersey law provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5,

6

para. 4; Trantino v. New Jersey State Parole Board, 166 N.J. 113, 172 (N.J.), modified on other grounds, 167 N.J. 619 (2001), and under the New Jersey Court Rules, Pressler, Current New Jersey Court Rules, Rule 2:2-3(a)(2) (2001). This exclusive procedure encompasses appeals from "inaction as well as action of a State administrative agency." Trantino v. New Jersey State Parole Board, 296 N.J. Super. 437, 459-460 (App. Div. 1997), modified on other grounds and affirmed, 154 N.J. 19 (1998); Johnson v. State Parole Board, 131 N.J. Super. 513, 517-18 (App. Div. 1974), certif. denied, 67 N.J. 94 (1975). See also Petrucelli v. Department of Civil Service, 28 N.J. Super. 572, 575 (App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause appropriately before the [agency].").

Moreover, if a New Jersey agency fails or declines to consider an administrative appeal from a decision of a lower agency official, the decision sought to be appealed is deemed the agency's final decision for purposes of any subsequent appeal to the state appellate courts. See, e.g., New Jersey State Parole Board v. Cestari, 224 N.J. Super. 534, 542 n.2 (App. Div.), certif. denied, 111 N.J. 649 (1988) (where the full Parole Board declines to consider an administrative appeal from an Adult Panel

of the Board, "the decision of the Adult Panel is the final decision of the agency").

Petitioner is aware of his state remedies, as evidenced by his utilization of those remedies with respect to previous denial of parole. Nevertheless, with respect to this 2010 denial of Parole, Petitioner has not pursued any state review procedures with respect to the challenged decision. Further, Petitioner has not alleged any facts suggesting an absence of available state process. Instead, he merely anticipates that he will be unsuccessful, but that expectation does not establish that exhaustion of state remedies will be futile. Before exhaustion will be excused on the basis of futility, "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987. Petitioner does not even allege, let alone establish, that state law forecloses state court review of his claims.

Accordingly, the Petition will be dismissed without prejudice for failure to exhaust state remedies. This Court expresses no opinion as to the merits of Petitioner's claims.

IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find this Court's procedural ruling debatable.  No certificate of appealability will issue.

### V.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.


                                       s/Susan D. Wigenton
                                       Susan D. Wigenton
                                       United States District Judge

Dated: May 25, 2011

9